### JACOB C. SMITH AND OTHERS *vs.* THE STATE OF MARYLAND.—*June,* 1847.

As between the State and the other general creditors of a deceased debtor, whose lands were sold for the payment of the debts, in consequence of the insufficiency of his personal property, neither having a lien, the State is entitled to a priority of payment out of the proceeds thereof over such other creditors.

APPEAL from the equity side of *Washington* County Court.

The bill in this cause was filed on the 2d November, 1843, by *J. C. Smith*, on behalf of himself and other creditors of *Joseph Weast*, and prayed a sale of his real estate for the payment of debts, in consequence of the insufficiency of personal estate for that purpose. A decree was passed for the sale on the 5th December, 1843; a sale was reported and ratified, and his creditors were notified to file their claims. The audit showed that the sales amounted to $8224 25; and after deducting the expenses of sale and the widow's dower, awarded $4232 44 to the appellee, $2978 77 to *Hiram Weast*, executor of *Joseph*, for a balance due him on his final account,

and which was credited by the payment in full of liens upon the real estate sold, and $1013 14 rateably among general creditors, whose claims amounted to $7805 05.  The audit was excepted to,

1st. That the whole amount claimed by the State for taxes collected by *Joseph Weast*, and due the State, was allowed, when the State had no lien on the land sold.

2d. That the State was not entitled to any priority or preference in distributing the proceeds arising from said sales, and is only entitled to take *pro rata* with the other creditors of said estate, after discharging liens and incumbrances on the land.

3. That there were large sums due and uncollected, which should be collected by the executor and applied to the discharge of the liens allowed to him.

The county court, (MARTIN, C. J., and BUCHANAN, A. J.) considered that the right of the State to the priority in this case was sustained, overruled the exceptions, and decreed a ratification of the account.

The creditors appealed.

In this court the parties filed the following agreement:

It is agreed in this case, that *Joseph Weast*, late Collector of the State tax for *Washington* county, was at the time of his death, seized and possessed in fee of a valuable real estate lying in *Washington* county.  That his personal estate was inconsiderable, and was exhausted in the payment of liens.  A bill was filed in *Washington county court as a court of equity*, by his creditors, to sell his real estate for the payment of the debts due by the deceased; and after decree upon the answer and testimony in the usual form of a decree, for the sale of the estate of a deceased debtor, the trustee appointed sold the real estate and brought the purchase money into court for distribution amongst the creditors.  There were large judgment creditors, and their judgments were allowed a preference over all other creditors, in the order of their respective dates.

The auditor gave the usual notice for claims against the deceased to be filed with him, and the attorney for the *State of*

*Maryland* filed the claim duly certified, which was due by the said *Weast*, as collector of the *State tax*, and directed the auditor to allow the same, after distributing a sufficient sum to extinguish all liens upon the said estate. The claim of the State was in the nature of an account for monies due by the said *Weast*, in the character of collector. It is admitted, upon this claim, *no judgment* had been obtained prior to the death of the said *Weast*. After the claim of the State had been allowed by the auditor, the balance of the money in the hands of the trustee was distributed amongst the other creditors, which made their distributions much less than if the State's claim had not been thus preferred. To this preference thus given the State over all other creditors who had no liens by judgments, the appellants objected, and filed their objections to the auditor's report, on the ground that the said fund in court, being the proceeds of the sale of the *real* estate of the debtor at the time of his death, and the State having no mortgage or judgment, or other lien, at the death of the debtor, she had no right to have her debt preferred over the other creditors who had no liens, but ought to have come in, *pari passu*, with these creditors. The State on the contrary, claimed a preference in the distribution, to the exclusion of all the other creditors of the said *Weast, except the judgment creditors*, and the court allowed this preference and confirmed the report of the auditor, and ordered the trustee to pay out the proceeds of sale accordingly. From this order this appeal has been taken; and the only question now presented for the decision of the court is, whether the State of Maryland is entitled to the preference thus claimed by her over the other creditors who are not judgment creditors.

If the court should be of opinion that the State is entitled to such preference, then the judgment of the county court will be affirmed. And if the court be of opinion that the State is not entitled to such preference, then the judgment of the court allowing such preference is to be reversed, and the auditor directed to distribute the said fund amongst the creditors, without allowing such preference to the State.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By TIDBALL and F. A. SCHLEY, for the appellants.

In this case a preference is claimed for the State on a mere specialty debt, (collector's bond,) the fund is the proceeds of the sale of land of which *Joseph Weast,* deceased, died seized, and which was sold by virtue of a decree of *Washington* county court as a court of equity; the personal estate of the decedent not being sufficient for the payment of his debts, the debt is not of record, and did not bind the land from the time of the debtor's becoming indebted; the *State of Maryland* has no other priority than the King had at common law. The *State of Maryland vs. The Bank of Maryland,* 6 *Gill & Johnson,* 205. The King's debts of record always bound the land of his debtor; but the King's debts, not of record, did not at common law bind his debtor's lands. 3rd *Bac. Abrid.,* title, Ex., letter K. The *Stat. of 33d Henry 8th, ch.* 39, by the provisions of which the lands were bound, has not been adopted in the *State of Maryland,* as appears by *Kilty's Report of Statutes.*

In *Chitty, Jr.,* on the Prerogative of the Crown, page 293, it is stated: " with respect to the time from which the lands of the debtor are bound by the crown debt, the general criterion and rule at common law seems to be, that the lien or claim obtains only from the time when the debt becomes of record, and is thereby presumed to be of public notoriety." The *State of Maryland,* it clearly appears from the aforegoing authorities, had no lien on the lands of the decedent; and we naturally look to the course adopted by a court of equity under such circumstances. In *Birely* and *Holtz* against *Staley,* 5th *Gill & Johnson,* 432, 452,—the Court of Appeals quotes with approbation the following remarks of *Chancellor Kent,* speaking with reference to personal property: " the preliminary step which seems to be required, is that the judgment creditor should have made an experiment at law, and bound the property, by actually suing out execution." *Hendricks vs. Robinson,*

*2nd John. C. R.* Also in *Brinkerhoof vs. Brown,* 4th *John. C. R.,* 677, which is quoted as referred to: "if he seeks aid as to real estate, he must shew a judgment creating a lien on such an estate; if he seeks aid in relation to personal estate, he must shew an execution giving him a legal preference." A court of equity creates no preferences, and no inequality arises from any principle of that court; but where a party has already acquired and gained in a court of law a lien, a court of equity will not deprive that party of an advantage or preference in a court of law, which he had previously acquired. In the case of *The State of Maryland* against *The Bank of Maryland,* heretofore referred to, the court ought to be understood to consider the case of *Murray and Sampson vs. Ridley,* administrator, as referring exclusively to personal property, as an administrator only represents personal property, and we do not deny a priority as to personal property. The case of *Contee vs. Chew's* executor is a case where a judgment (debt of record,) had been obtained during the life-time of testator; and the case of *The State vs. Rodgers and wife,* as growing out of the act of 1781, chap. 23, a *scire facias* having been issued by virtue of that act, and any preference or priority that the State acquired arose from its provisions. We contend, that there was not any lien on the land acquired by the State; and that therefore a court of equity will only consider the State as entitled, *pro rata,* with the other creditors of the decedent's estate.

By W. B. CLARK, D. A. G.

The *State of Maryland,* in this case, claims a priority after payment of all antecedent liens. The right is founded upon the common law principle of priority of payment to the Sovereign. In 6th *Peters,* page 35, we find the following language: "The right of priority of payment of debts due to the government, is a prerogative of the crown well known to the common law." The common law was adopted by our bill of rights, *State vs. Buchanan,* 5th *Harr. & Johnson,* 317, 401.

In the case of *The State of Maryland vs. The Bank of Maryland*, 6 *Gill and Johnson*, 205, the whole doctrine is reviewed by the court. The distinguished judge who delivered the opinion of the court, at page 226, remarks: "It is too late, therefore, at this day, to deny the State's right at common law, to have its debt first paid out of the property of its debtor remaining in his hands, and no lien in the way; for notwithstanding all that has been said in disparagement of this right of priority, it is not perceived to be inconsistent with the principle or spirit of our political institutions." Again, "the government of the State is established for the good of the whole, and can only be supported by means of its revenue, which revenue, the good of the whole requires to be protected. And as it can only act by its agents, who, no matter how vigilant, cannot be always present to protect its rights, a priority in the payment of its debts, (which must always be of a public nature,) is necessary to enable it to accomplish the end of its institution." See also on same point, *Black. Com.*, 178, 185; 5 *Cranch*, 299; 2 *Cranch*, 389; 6 *Binney*, 271.

Money in the hands of an administrator or trustee, applicable to the payment of the debts of a deceased person, after payment of all liens, whether derived from the sale of real or personal property, is a fund under the control of the court, and as amongst creditors must be distributed. The State, standing upon higher grounds in reference to other creditors, "whose claims are in equal degree," is entitled to receive her debt, agreeably to the auditor's account, which was ratified by the court below.

CHAMBERS, J., delivered the opinion of this court.

The argument of the appellant resists a proposition not involved in this case.

The question is not whether the land of the debtor is bound, as by a lien, which will pursue it in the hands of a bona fide purchaser, but whether as against creditors having no lien, the State is to be preferred in the distribution of the proceeds of a debtor's land, sold for the payment of his debts generally.

The authorities, cited by the appellant, sufficiently proved that in such a case as the present, the State has no lien. None is claimed.

A priority of payment over other debts, they also not being liens, is a very different thing; and we think a prerogative of the State. That such is the case in respect to personal estate is admitted. The case of *The State vs. The Bank of Maryland* cannot be limited by any such distinction. The facts of that case in which the property in part was real estate, as well as the principles advanced in the opinion, apply conclusively to the case before us.

ORDER AFFIRMED.